**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDWARD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 19 C 00420 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| BUCKY'S EXPRESS, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Edward Johnson's ("Johnson") application for leave to proceed *in forma pauperis* and motion for attorney representation. For the following reasons, the Court denies Johnson's requests.

## STATEMENT

On January 18, 2019, Johnson filed a *pro se* complaint against Defendants Bucky's Express and John Doe (collectively, the "Defendants"), alleging violations of his civil rights. That same day, Johnson filed an application to proceed *in forma pauperis*. On March 6, 2019, Johnson moved for attorney representation.

Pursuant to 28 U.S.C. § 1915(a)(1), any person may commence a civil action without the prepayment of fees if he or she is unable to pay them. The Court must screen all complaints accompanied by an application for leave to proceed *in forma pauperis*, and it must dismiss a complaint that "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(2)(B)(i)-(iii); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of 28 U.S.C. § 1915 to cases brought by nonprisoners).

The Court draws all reasonable inferences in Johnson's favor and construes all allegations in the light most favorable to him. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must set forth a "short and plain statement of the claim showing that [Johnson] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Johnson need not provide detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). His complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Johnson's complaint alleges a vague claim for civil rights violations based on Defendants' refusal to allow Johnson access to their public restroom. Federal law provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation…without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). While this statute could possibly provide a legal foundation for Johnson's claim, he does not detail a discriminatory reason for Defendants' refusal to allow him restroom access. Without this factual basis, the Court can neither infer discrimination, nor the type of discrimination involved.

Accordingly, the Court must dismiss Johnson's complaint for failure to state a claim upon which relief could be granted.

Given that Johnson's underlying complaint is insufficient, his *in forma pauperis* petition and motion for attorney representation are premature. Accordingly, those requests are denied as moot. However, Johnson is free to renew his requests if he chooses to file an amended complaint addressing the previously noted deficiencies.

## CONCLUSION

For the aforementioned reasons, the Court dismisses Johnson's complaint for failure to state a claim upon which relief could be granted. Further, the Court denies Johnson's motion to proceed *in forma pauperis* and motion for attorney representation without prejudice. It is so ordered.

Dated: 05/17/2019

Charles P. Kocoras
United States District Judge