

**FILED**
12/19/2019 BG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**RECEIVED**

JUN 21 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EDWARD JOHNSON,

    Plaintiff,

vs.

    Case No. 19 C 00420

BUCKY'S EXPRESS and
JOHN DOE,

    Defendants.

## *FIRST AMENDED COMPLAINT*

**NOW COMES** the Plaintiff, EDWARD JOHNSON, and for his First Amended Complaint

against the Defendants and state as follows:

### *NATURE OF ACTION*

1. Plaintiff, EDWARD JOHNSON, brings this action pursuant to Section 12101 of the

    United States Code (Americans with Disabilities Act of 1990 ("ADA")), for damages

    against Defendants, as more fully identified below, claiming that certain Defendants

    deprived him of his right(s) as secured by laws of the United States Code, where

    Defendants refused Plaintiff reasonable accommodations based on Plaintiff's disability.

### *JURISDICTION*

2. Jurisdiction over this cause exists under 28 USC Sections 1331, 1343, and 1367.

## *VENUE*

3.  Venue is proper in this District and Division in that the claim(s) enumerated herein arose in Glendale Heights, Illinois, which is in this District and Division.

## *PARTIES*

### *Plaintiff*

4.  EDWARD JOHNSON, hereafter ("JOHNSON" or "Plaintiff"), is a resident of the State of Illinois, Elgin, County of Cook.

### *Defendants*

5.  BUCKY'S EXPRESS, hereinafter ("BUCKY'S"), is an Illinois corporation doing business in the State of Illinois, Glendale Heights, County of Cook. At all times relevant herein BUCKY'S operated a private establishment, located at 1202 Bloomington Road, Glendale Heights, offering "conveniences" services to the general public.

6.  JOHN DOE, hereinafter ("JOHN DOE"), at all times relevant herein, was an employee of BUCKY'S responsible for operating its business establishment located at 1202 Bloomington Road, Glendale Heights, Illinois.

## *FACTUAL ALLEGATIONS*

7.  JOHNSON suffers from paralysis in the left side of his body as result of a stroke.

8.  The aforementioned condition was present when this action accrued.

9.  JOHNSON's condition qualifies as one recognized by the ADA as a disability.

10. On December 29, 2018, JOHNSON visited the BUCKY'S convenience store located at 1202 Bloomingdale Road in Glendale Heights, Illinois.

11. JOHNSON pumped gasoline and proceeding inside BUCKY'S convenience store where JOHNSON encountered JOHN DOE at the cash register.

12. JOHN DOE fully observed JOHNSON's physical difficulty in walking.

13. JOHNSON paid JOHN DOE for the gasoline and asked JOHN DOE for directions to BUCKYS' bathroom.

14. JOHN DOE claimed that BUCKY'S did not have a bathroom.

15. JOHNSON clarified that he was requesting directions to BUCKY'S public bathroom facilities.

16. JOHN DOE, displayed irritation, and stated that BUCKYS' public bathroom is not working.

17. Upon exiting JOHNSON thought JOHN DOE's claim was disingenuous as JOHNSON had previously observed what appeared to be a patron exiting an area near the rear of BUCKY'S that could have been a public bathroom.

18. Upon further investigation JOHNSON learned, in fact, that not only does BUCKY'S have a bathroom open to the general public, but that on December 29, 2018, such public bathroom was in working condition and open to the general public. (See true and correct copy of photographs of BUCKY'S public bathroom facilities, attached hereto and incorporated herein as Group Exhibit – A)

19. In addition, it was discovered that BUCKY'S public bathroom is not ADA compliant, i.e. has not hand railing, etc. *Id*. Ex. A.

   *COUNT I – Violation of Title III of Americans with Disabilities Act (42 USC 12101)*

20. JOHNSON repeats and realleges paragraphs 1 – 19 of his Complaint as paragraphs 1 – 19 of Count I of his Complaint.

21. JOHNSON, as a citizen, has a right, secured by the United States Code, to receive reasonable accommodations and to not be discriminated against due to his physical disability.

22. JOHN DOE is bound by Title III of the ADA to secure JOHNSON free from discrimination due to his disability and provide reasonable accommodations. In breach of said duty JOHN DOE committed one or more of the following actions/inactions constituting discrimination:

    (a) Refused JOHNSON the same bathroom accommodations granted to general public;

    (b) Allowed non-disabled patron(s) access to BUCKY'S public bathroom;

    (c) Denied JOHNSON access, due to his disability, to BUCKY'S public bathroom;

    (d) Failed to maintain ADA complaint facilities.

23. As a proximate result of the foregoing JOHNSON has suffered severe onging trauma, degradation, loss of quality of life, physical and emotion pain, etc.

### COUNT II – Violation of Title III of Americans with Disabilities Act (42 USC 12101

24. JOHNSON repeats and realleges paragraphs 1 – 22 of his Complaint as paragraphs 1 – 22 of Count II of his Complaint.

25. JOHNSON, as a citizen, has a right, secured by the United States Code, to receive reasonable accommodations and to not be discriminated against due to his physical disability.

26. BUCKY'S is bound by Title III of the ADA to secure JOHNSON free from discrimination due to his disability and provide reasonable accommodations. In breach of said duty BUCKY'S committed one or more of the following actions/inactions constituting discrimination:

(a) Refused JOHNSON the same bathroom accommodations granted to general public;

(b) Failed to maintain discrimination-free public accommodations in its establishment;

(c) Failed to maintain ADA complaint facilities.

27. As a proximate result of the foregoing JOHNSON has suffered severe onging trauma, degradation, loss of quality of life, physical and emotion pain, etc.

WHEREFORE, Plaintiff ask for the following relief:

A. Damages to compensate for physical harm, emotional harm, pain and suffering, loss of enjoyment of life, and other injuries inflicted by Defendants;

B. Punitive damages against the individual Defendants; and

C. Declaratory or other such relief as may be appropriate.

Respectfully Submitted,

/s/Edward johnson

Edward Johnson
1123 Ash
Elgin, IL 60120

# GROUP EXHIBIT - A



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



**FILED**

JUN 21 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EDWARD JOHNSON,

    Plaintiff,

vs.

Case No. 19 C 00420

BUCKY'S EXPRESS and
JOHN DOE,

    Defendants.

## *NOTICE OF FILING*

    **PLEASE TAKE NOTICE** that on June 15, 2019, I shall file, by U.S. Mail, with the Clerk of the United States District Court, 219 South Dearborn Street, Chicago, IL 60604, the following: *FIRST AMENDED COMPLAINT*. A true and correct copy thereof is herewith served on you.

/s/ Edward Johnson

Edward Johnson
1123 Ash
Elgin, IL 60120

## PROOF OF SERVICE

    The undersigned, a non-attorney, under penalties of perjury as provided by law, certifies that this Notice of Filing has been served via U.S. Mail, first class postage prepaid, at or before 5:00 p.m., to the above party on this 15th day of June, 219.

/s/ Edward Johnson