UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19 C 420 |
| | ) | |
| | ) | Judge Charles P. Kocoras |
| BUCKY'S EXPRESS and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Bucky's Express ("Bucky's") and John Doe's (collectively, "Defendants") Motion to Dismiss Plaintiff Edward Johnson's Complaint. For the following reasons, the Court grants the Motion.

## STATEMENT

For the purposes of this Motion, the Court accepts as true the following facts from the Complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Johnson's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Johnson brings this action against Defendants to recover damages for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Johnson, who suffers from paralysis on his left side because of a stroke, alleges he attempted to use the public bathroom at a Bucky's convenience store in Glendale

Heights, Illinois. Defendant Doe first told Johnson that Bucky's did not have a public bathroom, but then said the bathroom was not working. Johnson says Doe lied—he witnessed a patron exiting an area near the rear of Bucky's, which he says "could have been a public bathroom." Johnson claims the bathroom was working and Doe discriminated against him based on his disability. Johnson also alleges he later learned the bathroom is not ADA compliant.

Based on these facts, Johnson claims two violations of Title III of the ADA. Johnson seeks an unspecified amount of compensatory and punitive damages. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Defendants also moved to dismiss under Rule 12(b)(4) for insufficient service. The Court dismisses the Complaint only based on its deficiencies and does not address this argument.

2

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Defendants argue Johnson's claims fail because damages are not available under Title III of the ADA. Though Johnson did not respond to the Motion, a *pro se* plaintiff may "simply rest on the assumed truthfulness and liberal construction afforded his complaint" and "the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995).

Defendants are correct that monetary damages are not available to private parties under the ADA. The remedy for violating the ADA is "only injunctive relief—damages are not available under Title III." *Sherr v. Marriott Int'l*, 703 F.3d 1069, 1075 (7th Cir. 2013). Johnson does not seek injunctive relief—nor could he; injunctive relief is only available to stop continuing violations or prevent imminent violations of the ADA. *See id.* Accordingly, Defendants' Motion is granted. Because Johnson only seeks to remedy past violations of the ADA, the Court finds amendment is futile and dismisses the Complaint with prejudice. *See Ruffin v. Rockford Mem. Hosp.*, 181 F. App'x 582, 585

(7th Cir. 2006); *Morgan v. Autozone Parts, Inc.*, 2017 WL 8204096, at *2 (N.D. Ill. 2017) (dismissing similar claims with prejudice).

## CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Dismiss (Dkt. # 45). Any remaining pending motions are denied as moot. Civil case terminated. It is so ordered.

Dated: 12/09/2021

_____
Charles P. Kocoras
United States District Judge